﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 191227-52816
DATE: November 30, 2020

ORDER

Entitlement to service connection for a bilateral foot disability, to include bilateral pes planus, bilateral degenerative arthritis, and bilateral diabetic neuropathy of the feet is denied. 

Entitlement to an initial compensable evaluation for bilateral hearing loss disability is denied. 

REMANDED

Entitlement to service connection for a left hand condition (claimed as left hand pain and numbness) is remanded.

Entitlement to service connection for a left ankle condition (claimed as left ankle pain) is remanded.

Entitlement to service connection for a right knee condition (claimed as bilateral knee pain) is remanded.

Entitlement to service connection for a left knee condition (claimed as bilateral knee pain) is remanded.

FINDINGS OF FACT

1. The Veteran does not have a bilateral foot disability that is attributable to service or service-connected disability. 

2. For the entire period on appeal, the Veteran’s bilateral hearing impairment has been no worse than Level I in the right ear and Level III in the left ear. 

CONCLUSIONS OF LAW

1. The criteria for service connection for a bilateral foot disability have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. For the entire period on appeal, the criteria for an initial compensable evaluation for service-connected bilateral hearing loss disability have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.159, 4.1, 4.3, 4.7, 4.85, 4.86, Diagnostic Code 6100.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from April 1976 to September 1979. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The rating decision on appeal was issued in November 2019. In December 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)). He selected the Direct Review lane without a Board hearing when he opted-in to the Appeals Modernization Act (AMA) review system by submitting December 2019 VA Form 10182 (Decision Review Request: Board (Notice of Disagreement (NOD)). The Board’s current review is limited to the evidence of record at the time of the Agency of Original Jurisdiction’s (AOJ’s) November 2019 rating decision. Evidence received since the November 2019 rating decision that will not be considered include VA treatment records.

Service Connection

Service connection is granted for a disability resulting from disease or injury that was incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Additionally, service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Entitlement to service connection benefits is established when the following elements are satisfied: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the disease or injury incurred or aggravated during service (the medical “nexus” requirement). See Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); C.F.R. § 3.303 (a). 

Secondary service connection may be granted for a disability that is proximately due to, or aggravated by, a service-connected disease or injury. 38 C.F.R. § 3.310. In order to prevail on the issue of entitlement to secondary service connection, there must be (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) nexus evidence establishing a connection between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

1. Entitlement to service connection for a bilateral foot disability, to include bilateral pes planus, bilateral degenerative arthritis, and bilateral diabetic neuropathy of the feet is denied. 

The Veteran filed a May 2019 claim for service connection for bilateral foot pain. See May 2019 VA Form 21-526EZ. 

The Veteran has currently diagnosed bilateral pes planus, with a July 2019 date of diagnosis and bilateral degenerative arthritis of the feet, with a July 2019 date of diagnosis. See November 2019 VA examination report. The Board notes, the Veteran has also been diagnosed with bilateral foot neuropathy due to diabetes. See October 2019 VA examination report. However, the Veteran is not service connected for diabetes; thus, the Board will proceed with its analysis of the claim for service connection for bilateral foot disability, limited to his diagnosed pes planus and degenerative arthritis. 

Service treatment records (STRs) include an April 1976 report of medical examination, which indicated the Veteran had normal feet upon clinical evaluation. A July 1977 health record noted the Veteran was treated for contusion to right foot. A July 1979 report of medical examination indicated the Veteran had normal feet upon clinical evaluation. In his July 1979 report of medical examination, the Veteran reported that he did not now have nor has he ever had foot trouble and/or loss of finger or toe. 

The November 2019 VA examiner opined that the Veteran’s bilateral foot condition is less likely than not incurred in or caused by the in-service event, injury, or illness. The examiner explained that the Veteran’s current foot condition is more consistent with his age and normal wear and tear on the body and does not reflect his military career. The examiner stated that the Veteran’s previous diagnosis of foot pain has resolved, as expected. The examiner concluded that the Veteran’s foot pain is less likely as incurred in or caused by the treatment for foot pain during service. 

To the extent that the Veteran has asserted that his bilateral foot disability is related to service, the evidence first documents his bilateral foot diagnoses many years after service separation and the diabetic neuropathy has been attributed to a nonservice-connected condition. Further, pes planus as well as degenerative arthritis have been found less likely than not attributable to service. See October 2019 and November 2019 VA examination reports. Moreover, there is no indication that the Veteran possesses the requisite medical knowledge, experience, or education to render a probative opinion involving medical causation. See Layno v. Brown, 6 Vet. App. 465 (1994). Consequently, his statements regarding the etiology of his bilateral foot disability are insufficient to establish a nexus to service. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Layno v. Brown, 6 Vet. App. 465, 470-472 (1994).

Based on this evidentiary posture, the Board concludes that the preponderance of the evidence is against the Veteran’s claims for service connection for bilateral foot disability. As the preponderance of the evidence is against the claims for service connection, the benefit-of-the-doubt rule does not apply, and the Veteran’s claim for service connection for bilateral foot disability is denied. See 38 U.S.C. § 5107.

Increase Rating

Disability evaluations are determined by the application of the Schedule for Rating Disabilities, which allows for ratings based on the average impairment of earning capacity resulting from a service-connected disability. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Each disability must be viewed in relation to its history, and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of a veteran working or seeking work. 38 C.F.R. § 4.2. 

Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

In order to evaluate the level of disability and any changes in condition, it is necessary to consider the complete medical history of a Veteran’s condition. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). In determining the propriety of the initial rating assigned after a grant of service connection, the evidence since the effective date of the grant of service connection must be evaluated and staged ratings must be considered. Staged ratings are appropriate when the evidence establishes that the claimed disability manifested symptoms that would warrant different ratings for distinct time periods during the course of the appeal. Fenderson v. Brown, 12 Vet. App. 119, 126-127 (1999).

2. Entitlement to an initial compensable evaluation for bilateral hearing loss is denied. 

In a November 2019 rating decision, the AOJ granted service connection for bilateral hearing loss disability and assigned a noncompensable evaluation, effective May 21, 2019. The Veteran contends a higher rating is warranted. 

Disability ratings for hearing loss are derived from a mechanical application of the rating schedule to the numeric designations resulting from audiometric testing. See Lendenman v. Principi, 3 Vet. App. 345 (1992). 

When the pure tone threshold at each of the four specified frequencies (1,000, 2,000, 3,000 and 4,000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman Numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. Each ear will be evaluated separately. When the pure tone threshold is 30 decibels or less at 1,000 Hertz, and 70 decibels or more at 2,000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. That numeral will then be elevated to the higher Roman numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86.

The Veteran was afforded a November 2019 VA audiological examination. 

Upon November 2019 VA examination, audiometric readings revealed:

 1000 Hz 2000 Hz 3000 Hz 4000 Hz

Right 20 20 50 60

Left 25 65 75 90

The audiology examination of November 2019 revealed that the right ear had 92 percent speech discrimination. The average right ear decibel loss was 37.5 in the right ear. From Table VI of 38 C.F.R. § 4.85, Roman Numeral I is derived for the right ear. This is determined by intersecting the percent of speech discrimination row with the puretone threshold average column. The audiology examination of November 2019 revealed that the left ear had 84 percent speech discrimination. The average decibel loss is 63.75 in the left ear. From Table VI of 38 C.F.R. § 4.85, Roman Numeral III is derived for the left ear. This is determined by intersecting the percent of speech discrimination row with the puretone threshold average column. 

Transposing Levels I and III to Table VII, shows that a zero percent disability rating, and no more, is the proper disability rating to be assigned.

Accordingly, the Board denies a compensable rating for bilateral hearing loss disability for the entire period on appeal. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

REASONS FOR REMAND

1. Entitlement to service connection for a left hand condition (claimed as left hand pain and numbness) is remanded.

2. Entitlement to service connection for a left ankle condition (claimed as left ankle pain) is remanded.

3. Entitlement to service connection for a right knee condition (claimed as bilateral knee pain) is remanded.

4. Entitlement to service connection for a left knee condition (claimed as bilateral knee pain) is remanded.

The Board finds that the AOJ committed a pre-decisional duty to assist error by failing to provide the Veteran a VA examination in connection with his claims for bilateral knees, left ankle, and left hand pain and numbness conditions. Significantly, review of the record reveals that the Veteran was scheduled for July 2019 VA examination(s); the Veteran failed to report, and the exam(s) was canceled. In this regard, a September 2019 report of general information indicates the Veteran called to reschedule his VA examinations for knees and lower leg as well as neurological conditions and reported that he missed the examinations due to incapacitation from amputation. Review of the record does not support that the Veteran was rescheduled for VA examinations. The Board finds that VA examination(s) is necessary to determine whether the Veteran meets the criteria for service connection for bilateral knees, left ankle, and left hand pain and numbness conditions. McClendon v. Nicholson, 20 Vet. App. 79 (2006). 

The matters are REMANDED for the following action:

Schedule the Veteran for VA examination(s) to determine the nature and etiology of any current bilateral knees, left ankle, and/or left hand disabilities. The Veteran’s claims file, including a copy of this remand, must be made available to and reviewed by the examiner(s). The examiner(s) should address the following:

(a) Identify all of the Veteran’s current bilateral knees, left ankle, and/or left hand disabilities. 

(b) For any identified bilateral knees, left ankle, and/or left hand disabilities, the examiner must opine whether it is at least as likely as not that the Veteran’s bilateral knees, left ankle, and/or left hand disabilities, is related to an in-service injury, event, or disease.

(CONTINUED ON NEXT PAGE)

A complete rationale for all opinion(s) should be provided. If the examiner(s) is unable to provide an opinion on these matters, the examiner(s) must state whether the inability to render an opinion is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

 

 

TAHIRIH S. SAMADANI

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Schick, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.